**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Felix Furtado, | ) | |
|     Plaintiff | ) | **Civil Action** |
| | ) | **File No. 4:26-cv-** |
| v. | ) | |
| | ) | |
| ZRN, LLC, Zaki Niazi, and | ) | **Jury Demanded** |
| Saud Zaki Niazi, | ) | |
|     Defendants. | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

PLAINTIFF Felix Furtado ("Mr. Furtado" or "Plaintiff") files this complaint against Defendants ZRN, LLC, Zaki Niazi, and Saud Zaki Niazi (the "Defendants"), and alleges the following:

**I.
INTRODUCTION AND SUMMARY OF SUIT**

1. Mr. Furtado files suit against the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Texas substantive law.

2. Mr. Furtado alleges the Defendants willfully violated the FLSA, and in this civil action, the "relevant period" refers to the time-period commencing on the date that is three years prior to the filing of this action as of April 2, 2026, and continuing thereafter until time of jury verdict and judgment. Mr. Furtado seeks unpaid straight-time and overtime wages, liquidated damages, attorney's fees, costs, and post-judgment interest.

3. The Defendants collectively own and operate gasoline stations with convenience stores and electronic gambling machines in and around Houston, Texas. During the relevant period, the Defendants owned and operated a Shell branded gasoline station with a convenience

1

store and gambling operations under the name "JR Shell", located at 108 W. Greens Road, Houston, Texas 77067 (hereinafter, the "JR Shell Gas Station").

4.    Mr. Furtado worked for the Defendants as an hourly paid store clerk at the JR Shell Gas Station from March 14, 2024, until September 5, 2024 (hereinafter, Mr. Furtado's "period of employment").

5.    Flagrantly and willfully violating the FLSA and Texas state substantive law, the Defendants chose not to pay (a) any of Mr. Furtado's overtime wages and (b) a portion of his straight-time wages. Thus, in accordance with 29 U.S.C. § 207(a), 29 U.S.C. § 216(b), and Texas law, Mr. Furtado now sues the Defendants for all damages, including his unpaid wages.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6.    Mr. Furtado files his claims in part under the FLSA, a federal statute, and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7.    Mr. Furtado brings related breach of contract and *quantum meruit* claims for his unpaid straight-time wages. These Texas state law claims fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8.    Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b).

## III.
### THE PARTIES, PERSONAL JURISDICTION, AND SERVICE OF PROCESS

9.    Plaintiff, Felix Furtado, is a resident of Harris County, Texas.

10.    Defendant, ZRN, LLC, is a validly existing Texas limited liability company that may be served with summons and complaint in accordance with Fed. R. Civ. P. 4(h)(1)(B) by serving its duly appointed registered agent, Mr. Zaki Niazi, at 14825 Willis Street, Houston, Texas 77039, or at any other address he is found. During the relevant period, this Defendant owned and operated the JR Shell Gas Station, and has acted, directly or indirectly, in the interest of an

2

employer with respect to the Plaintiff. By owning and operating the JR Shell Gas Station during the relevant period, Defendant ZRN, LLC was engaged in business in Texas, and the Court thus has personal jurisdiction over this Defendant.

11.    Defendant, Zaki Niazi, may be served with summons and complaint at 14825 Willis Street, Houston, Texas 77039, or at any other address he is found. During the relevant period, this Defendant owned and operated the JR Shell Gas Station, and therefore acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff. Further, because Defendant Zaki Niazi resides in Texas and is engaged in business in Texas, the Court has personal jurisdiction over the Defendant.

12.    Defendant, Saud Zaki Niazi, may be served with summons and complaint at 14825 Willis Street, Houston, Texas 77039, or at any other address he is found. During the relevant period, this Defendant owned and operated the JR Shell Gas Station, and therefore acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff. Further, because Defendant Saud Zaki Niazi resides in Texas and is engaged in business in Texas, the Court has personal jurisdiction over the Defendant.

13.    Whenever this complaint alleges that one or more Defendant committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by these Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of one or more Defendant's officers, directors, vice-principals, agents, servants, or employees.

**IV.**
**FLSA COVERAGE**

14.     During Mr. Furtado's period of employment at the JR Shell Gas Station (i.e., March 14, 2024, until September 5, 2024), Defendant ZRN, LLC was an "employer", and in particular, an employer of the Plaintiff. 29 U.S.C. § 203(d).

15.     During Mr. Furtado's period of employment at the JR Shell Gas Station (i.e., March 14, 2024, until September 5, 2024), Defendant Zaki Niazi was an "employer", and in particular, an employer of the Plaintiff. 29 U.S.C. § 203(d).

16.     During Mr. Furtado's period of employment at the JR Shell Gas Station (i.e., March 14, 2024, until September 5, 2024), Defendant Saud Zaki Niazi was an "employer", and in particular, an employer of the Plaintiff. 29 U.S.C. § 203(d).

17.     During Mr. Furtado's period of employment, he was an "employee", and in particular, an employee of Defendant ZRN, LLC. 29 U.S.C. § 203(e).

18.     During Mr. Furtado's period of employment, he was an "employee", and in particular, an employee of Defendant Zaki Niazi. 29 U.S.C. § 203(e).

19.     During Mr. Furtado's period of employment, he was an "employee", and in particular, an employee of Defendant Saud Zaki Niazi. 29 U.S.C. § 203(e).

20.     During Mr. Furtado's period of employment, Defendants were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

21.     During Mr. Furtado's period of employment, Defendants were an enterprise engaged in commerce or in the production of goods for commerce having employees engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1).

22.     During Mr. Furtado's period of employment, he also was an employee engaged in the "production of goods" because he was "producing, manufacturing, mining, **handling**, or transporting goods, or in any other manner worked on goods or any closely related process or

4

occupation directly essential to the production of goods." [emphasis supplied] FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (Civil Cases) §11.24(B) (2020).

23.     Mr. Furtado meets the FLSA's individual coverage requirement because he was engaged in the 'production of goods', which includes the 'handling' of goods that travelled from out of state into the state of Texas. *See*, *Brennan v. Greene's Propane Gas Service*, 479 F.2d 1027, 1030 (5th Cir. 1973). *See also*, The Gasoline Service Establishment Enterprise, 29 USC §§ 779.254 – 779.257.

24.     During his period of employment, Mr. Furtado engaged in work that required the handling and sale of goods that had travelled into Texas from outside the state, including gasoline and typical convenience store items for resale. Such items included, without limitation, snacks, cigarettes, cigars, beer, wine, soft drinks, and over-the-counter medicines.

25.     Mr. Furtado also worked with equipment that was produced outside the state of Texas, including cash registers, computer equipment, electronic gambling machines, gasoline pumps and gasoline dispensing stations.

26.     And, while working for the Defendants, Mr. Furtado utilized instrumentalities of interstate commerce, including handling cash, processing credit cards as payment from Defendants' customers, and selling lotto tickets for a nationwide lottery.

27.     Likewise, during the relevant period, the Defendants employed individuals other than the Mr. Furtado who were also handling, selling, or otherwise working on goods or materials that had been handled, moved in or produced for commerce, which were used in furtherance of Defendants' commercial activities at the JR Shell Gas Station.

28.     For each year falling within the relevant period, Defendants had annual gross business volume in excess of the statutory standard of $500,000.00.

## V.
### FACTS

29.     Mr. Furtado worked as an hourly paid store clerk at the JR Shell Gas Station during his period of employment (i.e., from March 14, 2024, until September 5, 2024).

30.     At the JR Shell Gas Station, Mr. Furtado performed duties typically performed by a gasoline station and convenience store clerk, such as operating the cash register, assisting local and out-of-state customers with their purchases, stocking inventory on shelves, and cleaning / maintaining the premises.

31.     The Defendants controlled Mr. Furtado's terms and conditions of employment, including decisions relating to his wages, the method of payment of his wages, his hourly pay rate, and the number of hours he worked during each workweek at the JR Shell Gas Station.

32.     During his period of employment at JR Shell Gas Station, Mr. Furtado typically worked the evening shift each day from 2:00 p.m. until midnight, averaging 70 hours a week.

33.     Furthermore, the Defendants required Mr. Furtado to work hours in addition to his regularly scheduled shift at the JR Shell Gas Station, and they failed to pay Mr. Furtado for these off-the-clock hours worked.

34.     During his period of employment at the JR Shell Gas Station, the Defendants promised to pay Mr. Furtado at the rate of $13.00 per hour, in cash.

35.     The Defendants, however, failed to pay Mr. Furtado all of his overtime wages in willful violation of the FLSA, and paid Mr. Furtado for fewer hours than he actually worked. Therefore, in addition to his unpaid overtime wages, Mr. Furtado seeks all backpay for his off-the-clock hours worked.

36.     By choosing to pay Mr. Furtado with cash, the Defendants failed to create and maintain proper pay records as to the wages he earned at the JR Shell Gas Station.

37.     Further, the Defendants failed to maintain contemporaneous, accurate and complete time records indicating the total weekly hours Mr. Furtado worked at the JR Shell Gas Station.

38.     Defendants are well-aware of the FLSA's pay requirements (they have been sued in the past for unpaid overtime wages under the FLSA), yet they knowingly and willfully failed to pay Mr. Furtado's proper wages.

39.     In addition to all other damages the FLSA and Texas law allows him to recover, Mr. Furtado now sues the Defendants for all of his unpaid straight-time wages and overtime wages.

## VI.
### CAUSE OF ACTION AND DAMAGES SOUGHT

### Count 1:
### Defendants' willful weekly violations of the FLSA, including failure to pay overtime and straight-time wages

40.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

41.     Mr. Furtado was non-exempt under the FLSA because he was paid on an hourly basis for the duration of his employment at the JR Shell Gas Station.

42.     For non-exempt employees, the FLSA requires that "no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

43.     Defendants violated 29 U.S.C. § 207(a)(1) on a weekly basis because they failed to pay Mr. Furtado's overtime wages during each workweek falling within his period of employment. The Defendants' violations of the FLSA were not sporadic or infrequent; instead, the Defendants repeatedly, knowingly, and willfully violated the FLSA because of their failure to pay Mr. Furtado's overtime wages during each full workweek falling within his period of employment (i.e., 25 weeks), thereby committing multiple and repeating intentional counts of statutory wrongdoing.

44.    "Plaintiffs may also recover under the FLSA for unpaid straight time hours in weeks where they worked more than forty hours." *Thomas v. Hous. Circle of Hope Servs., Inc.*, No. H-20769, 2022 WL 18144177, at *2 (S.D. Tex. Dec. 20, 2022), adopted, No. CV H-20-769, 2023 WL 123791 (S.D. Tex. Jan. 6, 2023). "The FLSA allows recovery of straight time hours worked on weeks for which Plaintiff also seeks recovery of overtime." *Ali v. Rameesah Enterprises, Inc., et al.,* No. 4:24-cv-01355, Dkt. #32 (S.D. Tex. July 10, 2025).

45.    Here, Mr. Furtado worked well in excess of 40 hours during each week falling within his period of employment, and in addition to his unpaid overtime wages, he seeks all of his unpaid straight-time wages.

46.    During the relevant period, the Defendants promised to pay Mr. Furtado $13.00 an hour for each hour he worked at the JR Shell Gas Station.

47.    As a non-exempt employee, Mr. Furtado was entitled to receive overtime pay for all hours he worked in excess of 40 during each workweek falling within his period of employment. Additionally, although the FLSA required the Defendants to pay Mr. Furtado all of his straight-time wages earned, the Defendants failed to pay a portion of these wages.

48.    Despite Defendants' obvious awareness of the overtime and straight-time pay requirements the FLSA imposed upon them (Defendants have been sued before for violations of the FLSA), they chose not to fulfill these legal obligations and chose not to pay Mr. Furtado's rightfully earned wages.

49.    Each Defendant's repeated failure to pay Mr. Furtado's wages on a weekly basis amounts to a clear, knowing, and willful pattern and practice of illegal conduct the FLSA prohibits.

50.    During Mr. Furtado's period of employment, he and other clerks working for the Defendants were employees engaged in commerce or in the production of goods for commerce. Each such employee engaged in work that required the handling and sale of goods that had

travelled into Texas from outside the state. Such goods included, without limitation, gasoline, food items, cigarettes, cigars, alcohol, merchandize, and miscellaneous supplies. Each employee also worked with equipment that was produced outside the state of Texas, including cash registers, computer equipment, electronic gambling machines, gasoline pumps and gasoline dispensing stations. Further, each employee utilized instrumentalities of interstate commerce, including handling cash, processing credit cards to receive payment from Defendants' customers, and selling lotto tickets for a nationwide lottery.

51.     Individual coverage exists under the FLSA.

52.     Enterprise coverage exists under the FLSA.

53.     By working at the JR Shell Gas Station as a clerk, Mr. Furtado was an "employee" of each Defendant, and each Defendant was his "employer".

54.     Mr. Furtado seeks all unpaid straight-time and overtime wages, along with an additional equal amount as liquidated damages under 29 U.S.C. § 216(b).

55.     Mr. Furtado further seeks his attorney's fees and costs pursuant to 29 U.S.C. §216(b), which in part states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

56.     Mr. Furtado also seeks post-judgment interest at the prevailing legal rate on federal judgments.

### Count 2:
### Defendants' breach of contract as to Plaintiff's straight-time wages

57.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

58.     District courts in this Circuit are split as to whether a "gap-time" wage claim (i.e., an unpaid straight-time wage claim) is recoverable under the FLSA, and the Fifth Circuit has not

addressed the issue. Some district courts in this Circuit have held that a plaintiff may recover straight-time wages under the FLSA for weeks in which they have worked overtime, relying on the Fourth Circuit's decision in *Monahan v. Cty of Chesterfield, Va.,* 95 F.3d 1263 (4th Cir. 1996). *See, e.g., Valcho v. Dallas Cty. Hosp. Dist.,* 658 F.Supp.2d 802, 811 (N.D. Tex. 2009) (finding that plaintiff's straight-time wage claims were viable only for weeks in which she worked more than 40 hours). However, other district courts in this Circuit have declined to follow *Monahan. See, e.g., Carman v. Meritage Homes Corp.,* 37 F.Supp.3d 860, 867 (S.D. Tex. 2014).

59.     In the event the Court does not follow *Monahan* and holds that Mr. Furtado's "gap-time" wage claim (i.e., his unpaid straight-time wage claim) is not recoverable under the FLSA, Plaintiff seeks recovery of all of his unpaid straight-time wages under the Texas state law claim of breach of contract.

60.     In this regard, the parties' employment relationship created an enforceable obligation on the Defendants to pay all wages that are now unpaid and owed to Mr. Furtado.

61.     As a result of their ongoing employment relationship with Mr. Furtado, the Defendants were contractually obligated to timely compensate Mr. Furtado for his straight-time wages earned at the parties' agreed upon rate of $13.00 per hour in exchange for the services Mr. Furtado rendered as a clerk for Defendants' benefit during his period of employment.

62.     Defendants breached the parties' agreement by failing to pay Mr. Furtado a portion of his straight-time wages promised in exchange for his employment with the Defendants, and by refusing to accurately account for all hours Mr. Furtado worked on a daily and weekly basis.

63.     As a result of Defendants' breach of the parties' agreement, Mr. Furtado suffered monetary damages, and now seeks to recover all such damages to the maximum extent allowed under the law, including (a) all unpaid straight-time wages the Defendants now owe to Mr. Furtado, and (b) all attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001.

### Count 3:
### *Quantum Meruit*

64.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

65.     During his period of employment, by working as a clerk at the JR Shell Gas Station, Mr. Furtado rendered valuable services to the Defendants.

66.     The Defendants requested, and knowingly accepted, all such services Mr. Furtado provided to the Defendants.

67.     Mr. Furtado reasonably expected the Defendants to pay for all such services.

68.     By failing to pay a portion of the straight-time wages due to Mr. Furtado, Defendants failed to pay Mr. Furtado the reasonable value of services he rendered for Defendants' benefit.

69.     As a result, Mr. Furtado suffered monetary damages and he now sues for the reasonable value of services he performed for the Defendants. Mr. Furtado also seeks attorney's fees under to Tex. Civ. Prac. & Rem. Code § 38.001.

## VII.
### JURY DEMAND

70.     Mr. Furtado demands a jury trial.

## VIII.
### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Felix Furtado respectfully requests that upon conclusion of jury trial and a final hearing, the Honorable Court grant relief by entering Final Judgment, jointly and severally, against Defendants ZRN, LLC, Zaki Niazi, and Saud Zaki Niazi, as follows:

> a.     Declare each Defendant willfully violated 29 U.S.C. § 207(a)(1) by repeatedly and consistently failing to pay overtime wages Mr. Furtado earned on a weekly basis during his period of employment;

11

b.　　Order each Defendant to pay Mr. Furtado's unpaid overtime wages pursuant to 29 U.S.C. § 207(a)(1);

c.　　Declare each Defendant willfully violated the FLSA by repeatedly and consistently failing to pay a portion of the straight-time wages Mr. Furtado earned during his period of employment;

d.　　Order each Defendant to pay Mr. Furtado's unpaid straight-time wages pursuant to the FLSA;

e.　　Order each Defendant to pay liquidated damages in an amount equaling the award of Mr. Furtado's unpaid straight-time and overtime wages;

f.　　Declare the Defendants breached the parties' agreement requiring Mr. Furtado to receive wages in exchange for his employment with the Defendants, and Order the Defendants to pay all damages resulting from such breach, including all unpaid straight-time wages owed to Mr. Furtado;

g.　　Order each Defendant to pay Mr. Furtado's attorney's fees and costs pursuant to 29 U.S.C. §216(b) and / or Tex. Civ. Prac. & Rem. Code § 38.001;

h.　　Declare the Defendants were unjustly enriched by accepting services from Mr. Furtado and not paying for them;

i.　　Order each Defendant to pay the reasonable value of all unpaid services Mr. Furtado provided to the Defendants;

j.　　Order the Defendants to pay post-judgment interest, accessed on all amounts comprising the Final Judgment, at the prevailing interest rate in accordance with 28 U.S.C. §1961.

k.　　Order all other necessary relief, whether legal, equitable or injunctive, to implement the broad remedial purpose and directives of the FLSA as specified by the United States Congress in its enactment of the FLSA and all amendments thereto.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:    */s/ Salar Ali Ahmed*
       **Salar Ali Ahmed**
       Federal Id. No. 32323
       State Bar No. 24000342
       430 W. Bell Street
       Houston, Texas 77019
       Telephone: (713) 898-0982
       Email: aahmedlaw@gmail.com

       **Attorney for Plaintiff**
       **Felix Furtado**